1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12  TRAVIS BONDURANT                         )    Case No.: 10cv1945 AJB (JMA)
                                            )
13               Plaintiff,                 )    ORDER DENYING PLAINTIFF'S
    v.                                      )    MOTION FOR TEMPORARY
14                                          )    RESTRAINING ORDER AND
    PEOPLE OF THE STATE OF                   )    PRELIMINARY INJUNCTION
15  CALIFORNIA, et al.                       )
                                            )
16               Defendants.                )
                                            )
17  _____

18
        On March 28, 2011, Plaintiff filed a Motion for an Order to Show Cause for a Preliminary
19
    Injunction and Motion for Temporary Restraining Order (Doc. No. 43).
20

21
        In his motion, Plaintiff alleges that the Defendants and others are performing research on him
22
    and controlling his "liberty of conscience" with "Brainwave technology known as NeuroFeedback
23
    technology."  Plaintiff's motion asks that the Court set a hearing and require the Defendants to show
24
    cause as to why a preliminary injunction should not be issued enjoining the Defendants and others from
25
    continuing in their alleged research activities which inflict "cruel and unusual pain to [his] brains and
26
    bodies."  During the period of time leading up to the hearing, Plaintiff seeks a temporary restraining
27
    order to enjoin the Defendants' alleged actions in the meantime.
28

When determining whether to grant a temporary restraining order or preliminary injunction, the Court applies the preliminary injunction standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).  The party seeking the temporary restraining order or preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Id.* at 374.  Plaintiff's motion mistakenly suggests that it is the Defendants' burden to show cause in opposition to Plaintiff's request for a temporary restraining order and preliminary injunction when, in fact, Plaintiff bears that burden as the movant.  Accordingly, the Court must consider whether Plaintiff's motion satisfies the preliminary injunction standard.  Plaintiff's motion consists of a long and disjointed list of those actions taken by the Defendants and others that he seeks to enjoin.  However, there is no reference made to any evidence that the Plaintiff will be able to offer in order to establish that the Defendants' or others are engaged in the actions listed in his motion.  As such, Plaintiff has not established a likelihood of success on the merits.  Because Plaintiff failed to show the requisite likelihood of success on the merits, the Court does not consider the remaining three factors.

For the foregoing reasons, Plaintiff  has not carried his burden of showing that a temporary restraining order or preliminary injunction should be issued.  Accordingly, the Court DENIES Plaintiff's motion.

IT IS SO ORDERED.

DATED:  April 8, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge