UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BONDURANT,<br><br>　　　　　Plaintiff,<br>v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA, et al.<br><br>　　　　　Defendants. | Case No.: 10cv1945 AJB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING RESPONDENTS' MOTION TO DISMISS WITH PREJUDICE; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 28.] |

On September 8, 2010, Petitioner Travis Bondurant, a prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Dkt. No. 1)  On September 15, 2010, the case was transferred to the Southern District of California. (Dkt. No. 2 .)  On September 22, 2010, the petition was dismissed without prejudice with leave to amend. (Dkt. No. 6.)  On November 1, 2010, Petitioner filed a first amended petition for writ of habeas corpus. (Dkt. No. 12.)  On February 2, 2011, Respondents filed a motion to dismiss the first amended petition as being time-barred. (Dkt. No. 28.)  Petitioner filed an opposition on February 25, 2011. (Dkt. No. 35.)  On March 29, 2011, Magistrate Judge Adler filed a report and recommendation recommending that the petition be dismissed with prejudice as being time-barred. (Dkt. No. 45.)  On April 18, 2011, Petitioner filed an objection to the report and recommendation. (Dkt. No. 53.)

**A.     Review of Report and Recommendation**

"The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see also Federal Rule of Civil Procedure 72(b); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of a timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983).

**B.     Discussion**

The report and recommendation concluded that the petition for writ of habeas corpus was time-barred by the one year statute of limitations. The court determined that statutory tolling could not revive the limitations period that had already ended and that Petitioner had not shown that equitable tolling was applicable. Although Petitioner filed an objection, he has not provided any legal argument or factual support disputing the analysis in the report and recommendation. He only states that he was subject to "duress, coercion, fraud, and undue influence to not file an appeal nor do my petitions timely." These arguments were already considered in the report and recommendation. Moreover, he has not presented any supporting facts to support such an allegation. The report and recommendation discussed Petitioner's claim of being subject to duress, fraud, coercion and undue influence in determining whether Petitioner is entitled to equitable tolling. The Court concluded that despite these allegations, Petitioner was able to file four state court petitions for writ of habeas corpus, an appeal of his criminal conviction, file a "coherent First Amended Petition and opposition to Respondent's motion to dismiss within the deadlines set by the Court." (Dkt. 45 at 9.) The Magistrate Judge acknowledged Petitioner's mental diagnosis of schizophrenia, paranoid type; however, the court concluded that his condition was not of such severity that Petitioner was unable to rationally or factually understand the need to timely file a habeas petition. (Id.) After having reviewed the report and recommendation and the objections, the Court concludes that the Magistrate Judge properly applied the law to this case and adopts the report and recommendation in full.

////

////

1   **C.**     **Certificate of Appealability**

2        Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or
3 deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of
4 appealability should be issued only where the petition presents "a substantial showing of the denial of a
5 constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the
6 prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim
7 of the denial of a constitutional right and that jurists of reason would find it debatable whether the
8 district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

9        Based on the Court's review of the petition, the Court finds no issues are debatable among jurists
10 of reason and that no jurists of reason would find it debatable whether the district court was correct in its
11 procedural ruling. See Slack, 529 U.S. at 484. Accordingly, a certificate of appealability is DENIED as
12 to the claims in the petition.

13                                       **Conclusion**

14        After having reviewed the report and recommendation, and the objections, the Court ADOPTS
15 the Report and Recommendation in its entirety and GRANTS Respondents' motion to dismiss the
16 petition for writ of habeas corpus with prejudice and DISMISSES the petition. The Court also DENIES
17 a certificate of appealability.
18 IT IS SO ORDERED.

20 DATED: August 5, 2011

21                                            _____
22                                            Hon. Anthony J. Battaglia
                                           U.S. District Judge